William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorney for Plaintiff
SUSAN M. ATOIGUE



**FILED**
DISTRICT COURT OF GUAM

JAN 0 8 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| SUSAN M. ATOIGUE,<br><br>        Plaintiff,<br><br>vs.<br><br>TELEGUAM HOLDINGS, LLC dba<br>GUAM TELEPHONE,<br><br>        Defendant.<br>_____/ | CIVIL CASE NO. 08-00001<br><br>COMPLAINT FOR VIOLATION OF THE<br>FAMILY MEDICAL LEAVE ACT; and<br>DEMAND FOR JURY TRIAL |

Plaintiff, by and through her attorney, complains and alleges a cause of action as follows:

1.    Plaintiff is an individual and has resided in Guam and was an eligible employee for purposes of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA"), at all times pertinent hereto.

2.    Defendant is a corporation duly organized and licensed to do business in the Territory of Guam. At all relevant times, Defendant was an employer within the meaning of the FMLA in that Defendant has employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto and is engaged in industry affecting interstate commerce.

ORIGINAL

Atoigue vs. TeleGuam Holdings, LLC dba Guam Telephone
Complaint for Violation of the Family Medical Leave Act
December 2007

3. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 2601 et. seq. and 28 U.S.C. §§ 1331 and 1332.

4. At the time of the incidents relevant hereto, plaintiff was employed by defendant at a facility located in Guam and all facts supporting the basis for this complaint occurred in this judicial district.

5. Plaintiff had worked for more than 1250 hours in the 12 months preceding her request for medical leave.

6. On January 19, 2007, plaintiff requested FMLA-protected medical leave due to the plaintiff's own serious health condition. Plaintiff filled out and completed various forms required of her by her employer for such leave.

7. Plaintiff's health condition required her to seek medical treatment from her health care provider in January, February, and March of 2007. Plaintiff's health condition incapacitated the plaintiff to the extent that she was unable to perform the essential functions of her position and other normal daily activities, such as cooking, cleaning, driving, and caring for her children. This incapacity lasted until approximately March 19, 2007, when the plaintiff attempted to return to work.

8. Upon her attempted return to work, plaintiff was informed by her supervisor that she should not go into work. On March 20, 2007, Plaintiff was told she would not be reinstated and that she had been terminated a few weeks prior.

**Atoigue vs. TeleGuam Holdings, LLC dba Guam Telephone**
**Complaint for Violation of the Family Medical Leave Act**
December 2007

9. Plaintiff alleges and asserts that her termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Defendant failed to reinstate Plaintiff and/or Plaintiff's termination was discriminatory on the basis of plaintiff's availing herself of her protected medical leave rights under the FMLA.

10. As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, lost wages and benefits, future wage loss, other compensation loss and attorney's fees and costs and therefore seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that this Court deems fair and just.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1. Statutory damages in an amount to be determined for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

3. Equitable relief in the form of reinstatement or frontpay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29

**Atoigue vs. TeleGuam Holdings, LLC dba Guam Telephone**
**Complaint for Violation of the Family Medical Leave Act**
**November 2007**

U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as to all issues and claims.

Respectfully Submitted,

LAW OFFICES OF WILLIAM L. GAVRAS

Date: 12-7, 2007.

BY: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Plaintiff
SUSAN M. ATOIGUE