CARLSMITH BALL LLP

MARCIA K. SCHULTZ
ELYZE J. McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5057
Telephone No. 472.6813
Facsimile No. 477.4375
emcdonald@carlsmith.com
mkschultz@carlsmith.com

Attorneys for Defendant
Teleguam Holdings, LLC dba
Guam Telephone Authority



FILED
DISTRICT COURT OF GUAM

JUN 10 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SUSAN M. ATOIGUE,<br><br>Plaintiff,<br><br>vs.<br><br>TELEGUAM HOLDINGS, LLC dba GUAM TELEPHONE AUTHORITY,<br><br>Defendant. | CIVIL CASE NO. CV08-00001<br><br>**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT A; DECLARATION OF SERVICE** |


ORIGINAL

## MOTION FOR LEAVE TO AMEND ANSWER

Defendant Teleguam Holdings dba Guam Telephone Authority ("Teleguam") hereby moves the Court for leave to amend its Answer, pursuant to Federal Rule of Civil Procedure 15. This motion is supported by the attached Memorandum of Points and Authorities and Exhibit A, and the records and files for this action.

DATED: Hagåtña, Guam, June 10, 2008.

CARLSMITH BALL LLP

_Elyze McDonald_

ELYZE J. McDONALD
MARCIA K. SCHULTZ
Attorneys for Defendant
Teleguam Holdings, LLC dba
Guam Telephone Authority

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Teleguam seeks leave of Court to amend its Answer filed on January 29, 2008. Leave is proper on the following grounds: (1) leave to amend pleadings shall be freely given, (2) Teleguam has not unduly delayed in seeking leave for the amendment, and (3) the parties will not be prejudiced by the amendment. Accordingly, Teleguam respectfully requests leave of Court to file an Amended Answer, a copy of which is attached as Exhibit A.

### II.    BACKGROUND

On January 8, 2008, Plaintiff Susan Atoigue filed a Complaint for Violation of the Family Medical Leave Act. On January 29, 2008, Teleguam, then represented by its former counsel, filed its Answer.

This case is currently in the discovery phase, with a discovery cutoff date of October 20, 2008, over four months from the date of this Motion.

By this Motion, Teleguam seeks leave to amend its Answer to assert additional defenses.

*See* Exhibit A.

## III.   LEGAL DISCUSSION

Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15.   The policy of favoring amendments should be applied with "extreme liberality." *United States v. Webb*, 644 F.2d 977, 979 (9th Cir. 1981).   It is appropriate to grant the requested leave so long as there has been neither any "undue delay, bad faith or dilatory motive on the part of the movant," nor undue prejudice to the non-moving party.   *Foman v. Davis*, 371 U.S. 178, 182 (!962).

Under the liberal standards of Rule 15, the Court should grant this motion for leave to amend.   In the present case, discovery is still in process and no depositions have been taken. Thus, the granting of leave to amend will not prejudice the parties involved.

Furthermore, this Motion is brought in good faith.   Teleguam simply seeks to assert additional defenses which relate directly to the statute at issue, the Family Medical Leave Act. The newly asserted defenses address critical aspects of FMLA, such as the definition of a "eligible employee," the requirements for leave requests under FMLA, and other defenses.   As four months remain for Atoigue to conduct discovery on these additional defenses, she is not prejudiced by the amendments.

This Court has broad discretion to grant leave to amend the pleadings and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).   The Court's decision to allow a party leave to amend will be reviewed on an abuse of discretion standard. *Executive View Estate, Inc. v. Look*, 1994 WL 129748 (D. Guam 1994). Outright refusal to grant leave without any justifying reason appearing for the denial is an abuse of discretion and against the spirit of the rule. *Foman v. Davis*, 371 U.S. 178

(1962). Here no reason exists to deny leave. There is no undue delay or bad faith involved, and as stated previously, leave to amend will not prejudice Atoigue.

Finally, consent to the proposed amendment was sought over one month ago. Teleguam received no response to its request for a position on the proposed Amended Answer.

## IV.   CONCLUSION

For the foregoing reasons, Teleguam respectfully requests that the Court grant leave for Teleguam to amend its Answer.

DATED: Hagåtña, Guam, June 10, 2008.

CARLSMITH BALL LLP

_Elyze J McDonald_

MARCIA K. SCHULTZ
ELYZE J. MCDONALD
Attorneys for Defendant
Teleguam Holdings, LLC dba
Guam Telephone Authority

# EXHIBIT
# A

CARLSMITH BALL LLP

MARCIA K. SCHULTZ
ELYZE J. MCDONALD
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671.477.4375
mschultz@carlsmith.com
emcdonald@carlsmith.com

Attorneys for Defendant
Teleguam Holdings, LLC dba
Guam Telephone Authority

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SUSAN M. ATOIGUE,<br><br>Plaintiff,<br><br>vs.<br><br>TELEGUAM HOLDINGS, LLC dba<br>GUAM TELEPHONE AUTHORITY,<br><br>Defendant. | CIVIL CASE NO. CV08-00001<br><br><br>**AMENDED ANSWER TO<br>COMPLAINT; DECLARATION OF<br>SERVICE** |

## DEFENDANT TELEGUAM HOLDINGS, LLC'S AMENDED ANSWER TO COMPLAINT

Defendant Teleguam Holdings, LLC dba Guam Telephone Authority ("Teleguam"), by

and through its attorneys, Carlsmith Ball LLP, answers the allegations of Plaintiff Susan M.

Atoigue's Complaint for Violations of the Family Medical Leave Act, filed January 8, 2008, as

follows:

### FIRST DEFENSE

1.     In response to the allegations contained in paragraph 1 of the Complaint,

Teleguam admits that Plaintiff is an individual and resides on Guam. Teleguam denies all remaining allegations of paragraph 1.

2. Teleguam admits the allegations contained in paragraphs 2 and 4 of the Complaint.

3. Teleguam admits that this Court has jurisdiction pursuant to the Family Medical Leave Act ("FMLA"), and denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Teleguam denies each and every allegation contained in paragraphs 5, 6, 8, and 10 of the Complaint.

5. With respect to the allegations contained in paragraph 7 of the Complaint, Teleguam is without knowledge to admit or deny and therefore denies each and every allegation contained in said paragraph.

6. The allegations set forth in the first sentence of paragraph 9 of the Complaint contain conclusions of law that calls for neither an admission of denial, however, to the extent that any response is required, those allegations are denied. Teleguam denies the remaining allegations contained in paragraph 9 of the Complaint.

## SECOND DEFENSE

7. Plaintiff does not meet or satisfy the definition of an "eligible employee" under the FMLA.

## THIRD DEFENSE

8. Plaintiff resigned from her employment.

## FOURTH DEFENSE

9. Plaintiff did not request leave pursuant to FMLA.

## FIFTH DEFENSE

10.     Teleguam did not interfere with, restrain, or deny Plaintiff's substantive FMLA rights.

## SIXTH DEFENSE

11.     Teleguam did not terminate Plaintiff's employment.

## SEVENTH DEFENSE

12.     Teleguam acted in good faith compliance with its obligations under FMLA.

## EIGHT DEFENSE

13.     Teleguam intends to assert the doctrine of equitable estoppel.

## NINTH DEFENSE

14.     Plaintiff failed to mitigate her damages.

## TENTH DEFENSE

15.     Plaintiff has failed to state a claim upon which relief may be granted.

## ELEVENTH DEFENSE

16.     The Court lacks jurisdiction over this case.

WHEREFORE, Teleguam prays for the following:

1.     That the Complaint be dismissed;

2.     That judgment be entered in favor of Teleguam;

3.     That Teleguam be awarded its attorneys' fees and costs;

4.     For such other and further relief as the Court deems just and proper.

DATED: Hagåtña, Guam, June 10, 2008.

CARLSMITH BALL LLP

_Elyze J McDonald_ (signature)

MARCIA K. SCHULTZ
ELYZE J. MCDONALD
Attorneys for Defendant
Teleguam Holdings, LLC dba
Guam Telephone Authority

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on June 10, 2008, I will cause to be served, via hand delivery, a true and correct copy of MOTION FOR LEAVE TO AMEND ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT A; DECLARATION OF SERVICE upon the following Counsel(s) of record:

> **William Leon Gavras, Esq.**
> **LAW OFFICES OF WILLIAM L. GAVRAS, P.C.**
> **101 Salisbury Street**
> **Dededo, Guam 96929**
> *Attorneys for Plaintiff Susan M. Atoigue*

Executed this 10th day of June 2008 at Hagåtña, Guam.

_Elyze J McDonald_
ELYZE J. McDONALD